IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANET LOUISE MARTIN,          :
    Petitioner             :
                              :
v.                            :    CIVIL ACTION No. 11-CV-6229
                              :
NANCY GIROUX, et. al.         :
    Respondents            :
                              :

**MEMORANDUM**

J. WILLIAM DITTER, JR., J.                                    July 23, 2013

    The present pro se petition is for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Janet Louise Martin. Martin, who is currently incarcerated in the State Correctional Institution in Muncy, Pennsylvania, challenges her incarceration for guilty, but mentally ill, of murder in the first degree and possession of an instrument of a crime. For the following reasons, this petition will be dismissed.

**I.     FACTS AND PROCEDURAL HISTORY**

    The state court summarized the facts underlying Martin's conviction as follows:

> On August 27, 1984, [Martin] became involved in an argument with her father at their residence in Willow Grove. While both [Martin] and her father were in the kitchen, [Martin] took a butcher knife from a cabinet and stabbed her father twice in the chest. [Martin] then pursued the victim to the master bedroom where she stabbed him in the back as he sat on the bed attempting to telephone for assistance.

Commonwealth v. Martin, No. 510 MDA 1987, at 1-5 (Pa. Super. Mar. 3, 1987) (unpublished memorandum). After a five day jury trial before the Honorable S. Gerald Corso, in the Court of Common Pleas of Montgomery County, Martin was found guilty, but mentally ill, of first-degree murder and possession of an instrument of a crime. On October 25, 1985, Martin was sentenced

1

to life imprisonment. Martin filed a direct appeal and on March 3, 1987, the Pennsylvania Superior Court affirmed Martin's conviction of guilty, but mentally ill, of first-degree murder. Martin did not take further action on direct appeal.

On March 23, 1987, Martin filed a petition under the Post-Conviction Hearing Act ("PCHA") which was supplemented by a counseled petition filed August 28, 1987. Martin contended that she was entitled to PCHA relief because of ineffective assistance of counsel.[1] On June 8, 1988, the trial court denied Martin's PCHA petition after an evidentiary hearing. On January 11, 1989, the Superior Court of Pennsylvania affirmed the trial court's denial of Martin's PCHA petition. On May 24, 1989, the Supreme Court of Pennsylvania denied Martin's petition for allowance of appeal for PCHA relief.

On June 28, 1990, Martin filed a pro se petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq., alleging that she was denied effective assistance of counsel. On July 16, 1990, the trial court dismissed Martin's petition and ruled that Martin's allegations of ineffective assistance of counsel had already been litigated and determined. On April 18, 1991, Martin filed another PCRA petition which the trial court dismissed on July 30, 1991. The Superior Court of Pennsylvania affirmed the trial court's dismissal of Martin's PCRA petition as untimely.

---

[1] Martin argued that her trial counsel was ineffective in seven respects including: (1) counsel failed to strike a member of the jury panel who was a nurse on duty when Martin was admitted to a state hospital; (2) counsel did not preserve a Rule 1100 challenge; (3) counsel permitted Martin to be examined by Doctor Harold Byron for purpose of establishing insanity and Martin made admissions to the doctor which were introduced at trial; (4) counsel failed to move to suppress the murder weapon seized from Martin's home; (5) counsel did not preserve Martin's constitutional challenge to the guilty but mentally ill statute 18 Pa.C.S. § 314, in post-trial motions; (6) counsel did not advise Martin to accept a guilty plea to third-degree murder offered by the district attorney; (7) counsel failed to advise Martin of the "legal ramifications" of testifying on her own behalf following which Martin made self-incriminating statements from the witness stand.

On May 6, 1991, while Martin's April 1991 PCRA petition was pending in state court, she filed a petition for writ of habeas corpus, in the Eastern District of Pennsylvania, which the Honorable Thomas N. O'Neill, Jr., dismissed without prejudice. On January 8, 1997, Martin filed another pro se PCRA petition which the trial court dismissed on March 12, 1997, without a hearing.

On October 4, 2011, Martin filed the present petition for habeas corpus alleging:

1) that her Fifth Amendment privilege against self-incrimination was violated;

2) that her trial counsel provided her with ineffective assistance because she failed to strike a jury member who was a nurse on-duty at the hospital where Martin was admitted;

3) that her trial counsel provided her with ineffective assistance when she failed to question witnesses concerning certain incidents in her father's past.

Respondent asserts that Martin is not entitled to federal habeas relief because her petition is untimely.

## II. DISCUSSION:

### A. Statute of Limitations

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposes a one (1) year limitation period on petitioners for a writ of habeas corpus who are in state custody. 28 U.S.C. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed petition for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Martin's judgment of sentence became final on March 3, 1987, when the Pennsylvania Superior Court affirmed her judgment of sentence. Because her conviction became final before AEDPA was passed, Martin's one-year statutory period began to run on its effective date, April 24, 1996, giving her until April 24, 1997, to file for federal habeas relief. See Johnson v. U.S., 544 U.S. 295, 300 (2005) (holding that where a conviction became final before AEDPA was passed, the one-year limitation period began to run on its passage date, April 24, 1996). Martin filed the instant petition on October 4, 2011. Thus, the petition is untimely unless Martin can establish that the limitation period was tolled through October 2011.

### 1. Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed petition for state post-conviction relief will toll the one-year limitation period for habeas relief. An application is *properly filed* when its delivery and acceptance are in compliance with the applicable laws and rules governing filings including delivery time limits. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis added).

4

Effective January 16, 1996, the PCRA was amended to require that any PCRA petition must be filed within one year of the date upon which the underlying judgment of sentence becomes final. However, if a petitioner's sentence became final on or before the effective date of the amendments, the petitioner's *first* PCRA petition would be considered timely filed within one year of that effective date, that is on or before January 16, 1997. Martin filed her petition for PCRA relief on January 8, 1997, but because this was Martin's fourth PCRA petition, and not her first, the extension allowed to January 16, 1997, by the PCRA amendment did not apply and Martin's petition was properly dismissed as untimely. Therefore, Martin's January 8, 1997, petition for PCRA relief did not toll her April 24, 1997, deadline for federal habeas relief.

Martin filed the present petition of writ for habeas corpus nearly fourteen years after the federal habeas relief deadline imposed by AEDPA expired. Martin does not claim that there has been an impediment to filing her habeas petition which was caused by state action, that her petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D);  see also Harr v. Phelps, 624 F.Supp.2d 344, 347 (3d Cir. 2009) (holding that the petitioner's failure to allege any facts triggering application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D) means that the one-year limitation period begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Nor does Martin make any assertions concerning her failure to meet the one-year limitation for federal habeas relief. Consequently, Martin's petition for habeas relief under 28 U.S.C. § 2254 must be dismissed unless her petition is subject to equitable tolling.

## 2. Equitable Tolling

The language of the AEDPA provides that the one-year limitation period is not a jurisdictional bar and is subject to modifications which may stop the running of the statutory period in light of equitable considerations. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998). Martin is entitled to equitable tolling if she shows (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing. Holland v. Florida, _ U.S. _, 130 S.Ct. 2549, 2553,177 L.Ed.2d 130 (2010). "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012); Butler v. Walsh, 846 F.Supp.2d 324, 330 (E.D. Pa. 2012).

### (a) Extraordinary Circumstances

Martin does not address her mental illness in the present petition; however, due to her status as a pro se litigant and the fact that she was found to be guilty, but mentally ill, at the time of trial, it is appropriate to raise this issue in the equitable tolling analysis. Mental illness is not a *per se* reason to toll the statute of limitations for habeas petitions. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by* Carey v. Saffold, 536 U.S. 214. Rather, "the alleged mental incompetence must have affected the petitioner's ability to file a timely habeas petition." Champney v. Secretary Pennsylvania Dept.of Corrections, 469 Fed. Appx. 113, 117 (3d Cir. 2012) (citing Nara, 264 F.3d at 320). A mental condition which burdens but does not prevent a petitioner from meeting timely filing requirements does not constitute

"extraordinary circumstances" for the purposes of equitable tolling. See U.S. v. Harris, 268 F.Supp.2d 500, 506 (E.D. Pa. 2003).[2]

In Champney, the Third Circuit rejected the petitioner's claim that his mental incompetence prevented him from meeting the one-year statutory period for federal habeas relief. See Champney, 469 Fed. Appx. at 118. Champney's conviction became final on December 7, 2002, when the deadline to appeal expired. Id. at 114. Champney filed his habeas petition on March 8, 2004, about 90 days after his one-year limitation of December 7, 2003, had expired. Id. Champney claimed that he was entitled to equitable tolling because his mental impairment prevented him from meeting the December 7, 2003, AEDPA deadline. Id. at 117. The Champney court held that the petitioner's history of timely filing documents and continual participation in court proceedings was sufficient to negate the premise that his mental impairment constituted "extraordinary circumstances" for the purposes of equitable tolling. See id. at 117-18.

The existence of Martin's mental illness is established by her sentence on October 25, 1985, following her conviction of guilty, but mentally ill, of murder of the first-degree. Unlike the Champney petitioner, Martin did file a court document during her one-year statutory period.

---

[2] When approaching the "extraordinary circumstances" prong of the equitable tolling analysis in terms of mental illness, a non-exclusive list of factors to consider includes:

> (1) [whether] the petitioner [was] adjudicated incompetent and if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the petitioner supported [his] allegations of impairment with extrinsic evidence such as evaluations or medicines. See Champney, 469 Fed. Appx. at 118 (citing Passmore v. Pennsylvania, No 08-705, 2008 WL2518108 at *3 (M.D. Pa. 2008)).

Martin filed her fourth petition for PCRA relief on January 8, 1997, three months prior to the expiration of her AEDPA one-year deadline of April 24, 1997. Martin's January 8, 1997, petition and her three prior petitions show that her mental illness did not affect her ability to file a petition for federal habeas relief within the time limits imposed by AEDPA. Therefore, Martin's mental illness did not constitute "extraordinary circumstances" for the purposes of equitable tolling.

### (b)    Reasonable Diligence

Even if Martin's mental illness had constituted "extraordinary circumstances" under the equitable tolling analysis, Martin did not pursue her claim with reasonable diligence. A petitioner's status as a pro se litigant does not insulate him from the reasonable diligence prong of the equitable tolling analysis. See Ross v. Varano, 712 F.3d 784, 784 (3d Cir. 2013). The diligence required for equitable tolling purposes is reasonable diligence not maximum, extreme or exceptional diligence. See Ross, 712 F.3d at 784. (citing Holland, 130 S.Ct. at 2565). A determination of whether the petitioner has exercised reasonable diligence is made under a subjective test and consideration of the totality of circumstances. See Schlueter, 384 F.3d at 74. If a petitioner has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is severed and the extraordinary circumstances did not prevent timely filing. See Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003).

In LaCava, the Third Circuit declined to equitably toll the petitioner's one-year limitation period because the petitioner failed to exercise reasonable diligence in pursuing federal habeas relief. See LaCava v. Kyler, 398 F.3d 271, 274 (3d Cir. 2005). LaCava properly filed a PCRA petition which tolled his AEDPA deadline until August 22, 2000. Id. LaCava then waited until

8

December 12, 2001, nearly twenty-one months after his AEDPA deadline, to file a petition for federal habeas relief. Id. The Third Circuit concluded that the petitioner was not entitled to equitable tolling because it was unreasonable for him to wait twenty-one months before pursuing federal habeas relief. Id. at 277.

After the AEDPA became effective on April 24, 1996, Martin waited fourteen years, that is until October 24, 2011, to seek habeas relief. Fourteen years is far beyond the twenty-one months that the Third Circuit found to be an unreasonable period of time for a petitioner to wait before filing for habeas relief. While the equitable tolling analysis does not require the maximum feasible diligence, it does require reasonable diligence. See Holland, 130 S.Ct. at 2565. Even in light of Martin's mental illness, Martin's delay of fourteen years does not meet the standard of reasonableness. See Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) (ruling that the petitioner did not demonstrate reasonable diligence when he waited for several years after the AEDPA deadline before filing a petition for federal habeas relief). Martin did not pursue federal habeas relief with reasonable diligence; therefore, Martin is not entitled to equitable tolling. Even though Martin did not pursue her claim with reasonable diligence, I will consider the three grounds she raises in her present petition.

### B. Privilege Against Self Incrimination

Martin first alleges that she is entitled to federal habeas relief because of a violation of the Fifth Amendment right against self-incrimination; however, Martin does not provide any factual basis for her claim.[3] Because the facts, which Martin provides, do not support her claim

---

[3] Martin cites the fact that her father sold her first child for $20,000, was involved in an embezzlement scheme with a banker from 1977-1984 and was never caught. These grounds do not establish a claim for a violation against the privilege of self-incrimination. Rather, these facts are more relevant to Martin's claim of ineffective assistance of counsel.

of a violation of the right against self-incrimination nor have any bearing on procedural deficiencies in past litigation, Martin has failed to establish a claim that her self-incrimination protection was violated under 28 U.S.C. § 2254 and therefore, her claim is dismissed.

### C. Ineffective Assistance of Counsel

#### 1. Counsel's Failure to Strike a Biased Juror

Martin next alleges ineffective assistance of counsel and evidences her counsel's failure to strike a nurse who was on the jury panel and who was on duty when Martin was admitted to Norristown State Hospital. In retaining the on-duty nurse as a juror, Martin's trial counsel made a tactical decision which counsel reasonably believed would benefit Martin at trial. There is no particular set of rules governing counsel conduct which can take into account the variety of circumstances faced by the defense counsel and the range of legitimate decisions regarding how to best effectuate the interests of the criminal defendant. See Strickland v. Washington, 466 U.S. 668, 698 (1984) (stating that in order to prove ineffective assistance of counsel, first, the petitioner must demonstrate counsel's deficient performance by showing that representation fell below an objective standard of reasonableness and second, that counsel's deficient performance resulted in prejudice). Based on Martin's behavior, the trial counsel made a professional judgment which would appear to best effectuate Martin's interests in establishing the defense of insanity. Evaluation of Martin's trial counsel's decision not to strike the on-duty nurse reveals the decision as part of a sound trial strategy rather than evidence of counsel's ineffective assistance.

#### 2. Counsel's Failure to Bring Forth Facts Concerning the History of Martin's Father

Martin also alleges that her trial counsel was ineffective when she failed to bring forth facts concerning the sale of Martin's first child by her father and her father's involvement in an

embezzlement scheme. Martin alleges that her trial counsel should have called witnesses to the stand at trial to testify regarding these incidents. Like counsel's decision not to strike the on-duty nurse from the jury, Martin's trial counsel made a professional judgment in deciding not to bring forth facts concerning the history of Martin's father. In determining that disclosure of these incidents in Martin's past would not benefit Martin at trial, counsel did not demonstrate deficient performance. Rather, Martin's counsel showed that her determination was a tactical decision which would appear to best effectuate Martin's interests at trial. Martin's claims of ineffective assistance of counsel are without merit and therefore, are dismissed.

### III. CONCLUSION

Upon close and careful review of Martin's petition for federal habeas relief, I conclude that Martin's petition must be dismissed as untimely and also without merit. Furthermore, Martin's petition for federal habeas relief fails to present any legally or factually sound claims upon which an evidentiary hearing would be required.[4]

An appropriate order follows.

---

[4] "Because the deferential standard imposed by 2254 determines whether to grant habeas relief, a federal court must take into account that standard in deciding whether an evidentiary hearing is appropriate." See Cullen v. Pinholster, _U.S._, 131 S.Ct.1388, 1399 (2011) (citing Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).